FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 JUL -7 PM 12: 44

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CYNTHIA FOSSEY,

   Plaintiff,

-vs-

SYNCHRONY BANK,

   Defendant.
_____/

CASE NO.:

3:16-CV-881-J-39JBT

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like SYNCHRONY BANK from invading American citizens' privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). "Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osario v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12. Defendant is a corporation formed in Delaware and conducting business in the state of Florida.

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

14. Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

15. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) ***-7199, and was the called party and recipient of Defendant's hereinafter described calls.

16. In or about January of 2016, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant seeking to recover an alleged debt.

17. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (877) 317-5659 and (866) 780-6121, and when those numbers are called, a pre-recorded message answers "This entire call will be recorded and monitored. Thank you for calling Synchrony Bank. Para continuar en Español, prensa de cinco."

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter

"autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she answered a call from the Defendant she would hear a pre-recorded voice informing her that the call was for Cynthia Fossey from Synchrony Bank regarding Synchrony financial, and requesting that she return Defendant's call.

19. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

21. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

22. On or about April 25, 2016, Plaintiff answered a call from the Defendant, met with an automated message instructing her to call Defendant, returned a call to Defendant, was connected to a live agent/representative of Defendant, and informed the agent/representative of Defendant that they were receiving payments, demanded that the Defendant cease placing calls to her aforementioned cellular telephone number, and the live agent/representative of Defendant responded that would note her account not to call.

23. During the aforementioned conversation on or about April 25, 2016 with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

27. Each of the Plaintiff's requests for the harassment to end were ignored.

28. From about April of 2016 through the filing of this Complaint, Defendant has placed approximately seventy-five (75) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of twenty-nine (29) calls in a less than a two week period from May 10, 2016 through May 22, 2016).

29. Additionally, on more than fifty (50) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which including the following pre-recorded or artificial voice message:

> "This is a message for Cynthia L. Fossey from Synchrony Bank regarding Synchrony Financial. 8773794933. For faster service, visit our website at www.mysynchrony.com. That is www.mysynchrony.com. Our mailing address is 170 West Election Road, Suite 125, Draper, Utah, 84020. 8773794933. This is a recording. Thank you."

30. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

31. As a result of the aforementioned tenacious collection efforts, Plaintiff was affected, both personally and individually, as she experienced an invasion of privacy, stress, anxiety, and emotional distress. Plaintiff suffered expenditure of her time, exhaustion of Plaintiff's cellular telephone battery, unavailability of the cellular telephone while ringing, and

trespass upon the Plaintiff's chattels. All of the above were caused by, and/or directly related to, Defendant's attempts "to collect a debt" allegedly owed by Plaintiff by using an ATDS/Predictive Dialer to call Plaintiff's cellular telephone number.

32. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

33. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

34. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

35. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

36. Defendant violated the TCPA with respect to the Plaintiff.

37. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and wished for the calls to stop.

40. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

41. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

42. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

44. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                                    Respectfully Submitted,

                                                    _s/*Shaughn C. Hill*_____
                                                    Shaughn C. Hill, Esquire
                                                    FL Bar#: 105998
                                                    Morgan & Morgan, Tampa, P.A.
                                                    201 N. Franklin Street, 7th Floor
                                                    Tampa, FL 33602
                                                    Tele: (813) 223-5505
                                                    SHill@ForThePeople.com
                                                    LCrouch@ForThePeople.com
                                                    Attorney for the Plaintiff